**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ROBERT LEE WILDS and CHANNING
LEAVERTIS BYRD,

        Plaintiffs,

vs.                                          Case No. 6:12-cv-1806-Orl-37KRS

SEMINOLE COUNTY; SEMINOLE
COUNTY SHERIFF; ERIK
DUCHARME; PAUL PRATT; and
CHRISTOPHER CLUTTER,

        Defendants.

**ORDER**

This cause is before the Court on the parties' Joint Motion for Reconsideration of the Court's Order on Defendants' Motions to Dismiss (Doc. 43), filed April 11, 2013. Upon consideration, the Court hereby grants the motion for the reasons set forth below.

In this Court's previous Order granting the Sheriff's motion to dismiss, the Court found that Plaintiffs' § 1983 *Monell* claims were not adequately pled and dismissed all claims against the Sheriff without prejudice. (Doc. 42, pp. 5–8.) The Court also noted in *dicta* that Seminole County, rather than the Sheriff, was the proper defendant and directed Plaintiffs to replead only against the County. (*Id.* at 4.) The Court recognized, however, that precedent in that particular area of the law was "not entirely clear." (*Id.*)

The parties now jointly move for reconsideration of that part of the Order, bringing to the Court's attention the fact that the County was never intended to be named as a defendant in this lawsuit and that inclusion of the County in the style of the case was an error. (Doc. 43, p. 3.) Unbeknownst to the Court, the parties also agreed

that Plaintiffs' counsel would "drop any reference to Seminole County" in the amended complaint. (*Id.* at 4.)

Given this stipulation, the Court declines to reach a determination on the open issue of the propriety of a § 1983 suit against a Florida charter county for the actions of a sheriff who is arguably an independent constitutional officer over whom the county exercises little to no control.[1] Therefore, the portion of the Order finding that the County is the relevant defendant and directing Plaintiffs to refile the amended complaint against only the County rather than the Sheriff (Doc. 42, p. 4) is due to be vacated. *Cf. McCreary v. Brevard Cnty.*, No. 6:09-cv-1394, 2010 WL 2836709, at *2 (M.D. Fla. July 19, 2010) (Fawsett, J.) (in a case procedurally similar to the one at bar, noting that the court had erroneously found in *dicta* that the claims asserted against the sheriff were pled against the county, and vacating that finding while leaving the substantive rulings intact).

---

[1] Though the Sheriff relies on *McMillian v. Monroe County*, 520 U.S. 781 (1997), and *Grech v. Clayton County*, 335 F.3d 1326 (11th Cir. 2003), the Court notes that those cases are not dispositive of this particular question on these facts. (Doc. 43, p. 5.) *McMillian* was decided under Alabama law, 520 U.S. at 786, and *Grech* under Georgia law, 335 F.3d at 1329. The Court finds that the issue has not been definitively decided under Florida law and more specifically, under Florida law as applied to the charter of Seminole County. *Grech*, interpreting *McMillian*, was decided by a fractured plurality, 335 F.3d at 1347 n.46, which reached a very narrow holding: that the activities of that particular county sheriff in the specific area of maintaining criminal warrants for Georgia's state database did not constitute final policymaking for Clayton County. *See id.* at 1350 (Barkett, J., concurring in result). Whether Sheriff Eslinger, in adopting and enforcing policies in the area of training, supervision, and discipline of deputies for the use of excessive force, was acting under the control of Seminole County such that it could be liable under *Monell* for those activities is a question no longer squarely presented in the instant case due to the parties' stipulation. Nor has this precise question been considered in this District. *Cf. Parilla v. Eslinger*, No. 6:05-cv-850, 2005 WL 3288760, at *8–9 (M.D. Fla. Dec. 5, 2005) (Presnell, J.) (distinguishing *McMillian* and finding that Sheriff Eslinger acted as Seminole County's final policymaker "at least in regard to jail operations"). Therefore, resolution of this issue remains for another day.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Joint Motion for Reconsideration of the Court's Order on Defendants' Motions to Dismiss (Doc. 43) is **GRANTED**.

2. The portion of this Court's Order directing that Plaintiffs proceed only against the County rather than the Sheriff (Doc. 42, p. 4) is **VACATED**. Plaintiffs have leave to bring claims in the amended complaint against the Sheriff in his official capacity that are otherwise consistent with the Court's previous Order (Doc. 42).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 12, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record